Paul Christopher Hildwin, a prisoner under sentence of death, has filed an all writs petition, seeking an order from this Court directing the Florida Department of Law Enforcement (FDLE) to either upload the DNA profile from the semen and secretions found at the crime scene into the Combined DNA Index System (CO-DIS) and the Florida statewide DNA database for comparison, or perform a onetime manual keyboard search comparing the DNA profile to the profiles in CODIS and the Florida DNA database.
The Court has determined that this petition is not procedurally barred. The Court notes that although the State opposes the petition, the State has suggested relinquishment to the trial court as an alternative, stating that “evidentiary development of the CODIS submission may be appropriate” and that the State would “welcome the opportunity for a hearing so this issue can be resolved.” Before addressing whether to grant the requested relief, we hereby relinquish jurisdiction to the Circuit Court of the Fifth Judicial Circuit, Hernando County, Florida, for a period of sixty days to hold an evidentiary hearing on the following:
1. Whether the DNA profile is now eligible to be uploaded into CODIS;
2. Whether the DNA profile is now eligible for a one-time “manual keyboard” search in CODIS;
3. Whether the DNA profile is now eligible to be uploaded into the Florida statewide DNA database;
4. Whether the DNA profile is now eligible for a one-time “manual keyboard” search in the Florida statewide DNA database; and
5. Any other factual issues necessary to determine whether the relief requested by Hildwin in the all writs petition should be granted.
The court shall enter a written order as to these issues. Upon issuance of the trial court’s order, the trial court clerk shall immediately transmit a copy of the order to this Court.
The relinquishment period is for no longer than sixty days. At the end of the relinquishment period, jurisdiction will be returned to this Court. Any extension of time shall be based only upon a timely motion filed in this Court demonstrating good cause and representing the positions of the opposing party and the trial court.
The court reporters shall have ten days after completion of the above proceedings in which to file any transcripts with the trial court clerk, and the trial court clerk shall have ten days after receipt of the transcripts in which to file a record of the entire relinquishment proceeding with this Court. Per this Court’s Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, AOSC04-84, dated September 13, 2004, the court reporters are directed to transmit a copy of any transcripts, in addition to paper copies, in an electronic format as required by the provisions of that order. The electronic version for this Court shall be submitted to the following e-mail address: e-file@flcourts.org.
If the parties are able to resolve these issues by stipulation or agreement, the *34 parties shall immediately advise this Court.
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., concurs in result only.
POLSTON, J., dissents with an opinion.